IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN PECK,

      Plaintiff,                      No. CIV S-11-0151 JAM DAD PS

    v.

UNITED STATES OF AMERICA,      <u>ORDER AND</u>

      Defendant.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        This matter came before the court on March 18, 2011, for hearing of defendant's properly noticed motion to dismiss the action for lack of subject matter jurisdiction. Assistant U.S. Attorney Edward A. Olsen appeared for defendant United States of America. No appearance was made by or on behalf of plaintiff, who is proceeding pro se.[1]

        Oral argument was heard, and defendant's motion to dismiss was taken under submission. Upon consideration of the briefing on file, defendant's arguments at the hearing, and the entire file, the court recommends that defendant's motion to dismiss be granted. Below, the court also addresses plaintiff's various motions.

---

[1] This motion was properly noticed before the undersigned for hearing on March 18, 2011. The hearing was conducted in open court and on the record. Plaintiff elected not to attend the hearing. Any suggestion by plaintiff that the hearing was held without notice to him or was otherwise improper in any way is belied by the court's files and the record.

1

BACKGROUND

Plaintiff, a former employee of the United States Department of the Interior, commenced this action in Sacramento County Superior Court on December 15, 2010 by filing a complaint for money damages against three supervisory employees who were involved in the termination of plaintiff's employment. (Notice of Removal, Ex. A (Doc. No. 1-1) at 1-9.)

In his original complaint, plaintiff alleged that defendant Beth Wenstrom was his immediate supervisor and defendants Lance Bishop and Karen Barnette were higher level supervisors who were involved in disciplinary proceedings initiated against plaintiff by defendant Wenstrom. (Id. at 1-9.) Plaintiff alleged causes of action for breach of contract (causes of action Nos. 1 & 2), actual fraud (Nos. 3, 5 & 11), fraud by nondisclosure (No. 4), breach of fiduciary duty (No. 6); denial of union representation (No. 7); denial of due process (No. 8); deprivation of civil rights (No. 9), breach of obligation (No. 10), loss of employment opportunities (No. 12), intentional infliction of emotional distress (No. 13); and an accounting (No. 14). (Id. at 9-40.)

Pursuant to 28 U.S.C. § 2679, the United States removed the action to this court on January 14, 2011, substituting itself as defendant in place of defendants Wenstrom, Bishop, and Barnette. (Doc. No. 1.) Attached to the Notice of Removal is a Certification of Scope of Federal Employment in which Sylvia Quast, Chief of the Defensive Civil Litigation Unit in the Office of the United States Attorney for the Eastern District of California, certifies that defendants Wenstrom, Bishop, and Barnette were acting within the course and scope of their employment with the United States Department of the Interior at all times material to the incidents alleged in plaintiff's complaint. (Notice of Removal, Certification of Scope of Federal Employment (Doc. No. 1-3) at 1.)

Upon receipt of defendant's Notice of Removal, the Clerk of the Court assigned this action a case number that includes the initials of the randomly selected District Judge and Magistrate Judge, as required by this court's automated case assignment plan. Local Rules, App. A. Because plaintiff is proceeding pro se, under this court's Local Rules the action was

automatically referred to the assigned magistrate judge for all purposes, including dispositive and non-dispositive motions and matters. Local Rule 302(c)(21); 28 U.S.C. § 636(b)(1).

On January 21, 2011, defendant filed a motion to dismiss the action for lack of subject matter jurisdiction. (Doc. No. 3.) Plaintiff responded by filing a first amended complaint.[2] (Doc. No. 4.) The new pleading adds Federica Lee as a defendant. In a declaration submitted in support of defendant's first motion to dismiss, Ms. Lee, a Human Resources Officer employed by the Department of the Interior, had described her involvement with the removal of plaintiff from federal service and stated that the relevant files contain no evidence that plaintiff filed a grievance with the union, filed an appeal with the Merit Systems Protection Board, or initiated contact with an EEO counselor or filed any complaint of discrimination with respect to his removal from federal service. (Defendant's Mot. to Dismiss (Doc. No. 3), Decl. of Federica Lee dated Jan. 21, 2011.)

The causes of action in plaintiff's amended complaint are the same as those in his original complaint except that the claim for deprivation of civil rights (No. 9) has been replaced with another breach of contract claim against the defendants previously sued, plaintiff's claim for an accounting (No. 14) has been renumbered as No. 15, and the new claim 14 is one for breach of obligation against defendant Lee.

On February 18, 2011, defendant filed and served a motion to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction. (Doc. No. 14.) Plaintiff filed opposition to that motion on March 7, 2011.

On February 24, 2011, defendant filed a Certification of Scope of Federal Employment in which David Shelledy, Chief of the Civil Division in the Office of the United

---

[2] Federal Rule of Civil Procedure 15 permits a party to amend its pleading once as a matter of course, if the amended pleading is filing within one of three windows of time. See Fed. R. Civ. P. 15(a)(1). Plaintiff's amended complaint, filed within 21 days after defendant served its motion to dismiss under Rule 12(b), was properly filed as a matter of course. Plaintiff may not amend his complaint further without defendant's written consent or leave of court obtained by way of motion for leave to amend. Fed. R. Civ. P. 15(a)(2).

States Attorney for the Eastern District of California, certifies that defendants Wenstrom, Bishop, Barnette, and Lee were all acting within the course and scope of their employment with the United States Department of the Interior at all times material to the incidents alleged in plaintiff's amended complaint.  (Certification of Scope of Federal Employment (Doc. No. 19) at 1.)

PLAINTIFF'S MOTIONS

The court turns first to plaintiff's motions for recusal and remand.

I. Motion for Recusal (Doc. No. 23)

Plaintiff's "Motion Concerning U.S. Magistrate Judge Dale A. Drozd," liberally construed by the Clerk of the Court as a motion for recusal, is based solely on plaintiff's mistaken belief that "[n]o Magistrate Judge has authority to participate in this civil action." (Doc. No. 23 at 1-2.)

To the extent that plaintiff's motion can be considered as a motion to disqualify pursuant to 28 U.S.C. § 28 U.S.C. § 455(a), the court notes that a decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986).  A judge is required to disqualify himself from a case if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1).

Rulings made during the course of a judicial proceeding that are unfavorable to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the ruling or "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554 (1994).  The same standard applies to remarks made during the course of a judicial proceeding.  Id.  Thus, where the source of alleged bias or prejudice is a judicial proceeding, a litigant seeking recusal must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." Id. at 551.  Put another way, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings,

4

do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555.

Here, plaintiff's motion is not grounded on a claim of bias or partiality, and indeed the undersigned has no bias or prejudice, personal or otherwise, against pro se litigants in general or plaintiff in particular. The undersigned hears hundreds of actions, many involving pro se litigants, every year, maintains impartiality in all such cases, and will continue to do so. No reasonable person with knowledge of all the relevant facts and law would conclude that the undersigned's impartiality might reasonably be questioned in this case. Accordingly, plaintiff's motion for recusal will be denied.

With respect to the role of magistrate judges in the United States District Court for the Eastern District of California, as noted above plaintiff is advised that the Clerk of the Court is required to assign each newly opened civil case to a district judge and a magistrate judge pursuant to the court's automated case assignment plan. See Local Rules, App. A(e)(1)-(6). Under Local Rule 302(c)(21), the assigned magistrate judge is required to perform all duties permitted by 28 U.S.C. § 636(a), (b)(1)(A), (b)(1)(B), and (b)(3), "including dispositive motions and matters," in a civil case in which all plaintiffs or all defendants are proceeding pro se. The referral of duties to the assigned magistrate judge in all matters listed in Local Rule 302(c) is automatic pursuant to the rule, and no order of referral is required. See 28 U.S.C. § 631(a) (providing that the judges of the United States district courts "shall appoint United States magistrate judges" in the numbers and within the judicial districts determined by the Judicial Conference); 28 U.S.C. § 636(b)(4) (requiring district courts to establish rules pursuant to which magistrate judges shall discharge their duties). The consent of the parties is not required for referral of duties pursuant to Local Rule 302(c). A decline-to-consent form signed and filed by a party merely records that party's decision not to consent to proceed before a magistrate judge for all purposes.

/////

As the Magistrate Judge assigned to this case, the undersigned is required to address all pretrial matters in this case and will do so. The undersigned will hear argument on all motions noticed for hearing in compliance with Local Rule 230, will address unnoticed requests and inquiries as appropriate, and will conduct a status conference for scheduling purposes, if the case proceeds to that stage. Motions will be resolved by order of the assigned Magistrate Judge when the motion is not dispositive in nature, while motions that are dispositive in nature will be addressed in findings and recommendations issued by the assigned Magistrate Judge, to which the parties may file objections, for the assigned District Judge's consideration. It is the assigned District Judge who will make the final ruling on all dispositive motions, and it a trial is conducted, it will be conducted by the assigned District Judge.[3]

II. Plaintiff's Motions to Remand (Doc. Nos. 10 & 35)

A defendant may remove any civil action from state court to federal court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Here, defendant removed the action on the ground that this court has original jurisdiction under 28 U.S.C. § 1346, which governs cases in which the United States is a defendant. (Notice of Removal (Doc. No. 1) at 2.) Defendant asserts that this case is a civil action arising under the Federal Tort Claims Act and that the individual defendants sued by plaintiff were acting within the scope of their employment. (Id.)

In his motion to remand timely filed on February 10, 2011, plaintiff argues that his claims are state law claims and the state court is the proper court for his state law claims. (Pl.'s Mot. to Remand (Doc. No. 10) at 5.) Plaintiff concedes that the district court has original jurisdiction but argues that original jurisdiction does not give the federal court exclusive

---

[3] This detailed explanation is provided with the hope of clarifying for plaintiff the role of the assigned Magistrate Judge with respect to this action. Given this explanation, it is apparent that plaintiff's repeated complaint that he has not consented to Magistrate Judge jurisdiction and that, therefore, no hearings are properly held before the undersigned in this case are meritless. The court will not repeat this explanation in the furture.

1  jurisdiction. (Id. at 6.) Plaintiff denies that his claims arise under the Federal Tort Claims Act,
2  points out that his complaint does not mention the Federal Tort Claims Act, and contends that his
3  suit is not against the United States and does not allege the omissions of any federal employee
4  acting within the scope of his office or employment. (Id. at 6-8.) Plaintiff argues in a conclusory
5  manner that the named defendants were engaged in illegal activities outside the scope of their
6  federal employment and that he merely seeks to hold the guilty parties accountable. (Id. at 8-10.)
7        Under the statute defendant relies upon, "the district courts . . . have exclusive
8  jurisdiction of civil actions on claims against the United States for money damages . . . for injury
9  or loss of property or personal injury or death caused by the negligent or wrongful act or
10 omission of any employee of the Government while acting within the scope of his office or
11 employment, under circumstances where the United States, if a private person, would be liable to
12 the claimant in accordance with the law of the place where the act or omission occurred." 28
13 U.S.C. § 1346(b)(1). Thus, this district court has exclusive jurisdiction over plaintiff's claims for
14 money damages for harm caused by allegedly wrongful acts and omissions of federal employees
15 acting within the scope of their employment. The allegations of plaintiff's amended complaint
16 demonstrate that the federal employees were engaged in activities within the scope of their
17 employment as supervisors and, in the case of defendant Lee, as a human resources officer.
18 Plaintiff's dissatisfaction with the defendants' conduct and decisions does not remove
19 defendants' acts and omissions from the scope of their employment.
20        The defendant who removes an action to federal court has the burden of
21 establishing grounds for federal jurisdiction. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d
22 831, 838 (9th Cir. 2004); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988);
23 Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Courts must construe the
24 removal statute restrictively so as to limit removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
25 Cir. 1992). If there is doubt as to the defendant's right of removal, federal jurisdiction must be
26 rejected and remand must be granted. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

1  The court finds that defendant's notice of removal and accompanying certification
2  of scope of federal employment support defendant's reliance on 28 U.S.C. § 1346 as a basis for
3  federal jurisdiction.  In addition, defendant argues that a United States Attorney's certification
4  regarding the scope of a federal employee's employment is prima facie evidence creating a
5  rebuttable presumption that the federal employee was acting within the scope of his or her
6  employment.  (Def't's Feb. 18, 2011 Response to Mots. (Doc. No. 13) at 4) (citing Pauly v.
7  United Stated Dep't of Agriculture, 348 F.3d 1143, 1150-51 (9th Cir. 2003)).  Defendant
8  contends that plaintiff has not come forward with specific facts to establish that the defendants
9  were not acting within the scope of their employment in connection with plaintiff's termination
10 from employment.
11  The court has considered "Plaintiff's Second Motion to Remand," which appears
12 to be a reply to defendant's opposition to plaintiff's first motion to remand.  Therein, plaintiff
13 merely cites cases without explanation and offers conclusory assertions regarding exhaustion of
14 administrative remedies.  (Pl.'s Second Mot. to Remand (Doc. No. 35) at 3.)
15  The court finds that plaintiff has failed to overcome the rebuttable presumption
16 arising from defendant's certification regarding the scope of the defendants' employment.
17 Accordingly, the undersigned recommends that plaintiff's motion to remand be denied.
18 III.  Plaintiff's Other Motions, Requests, and Applications
19  Plaintiff is advised that an individual representing himself without an attorney "is
20 bound by the Federal Rules of Civil or Criminal Procedure, these [Local] Rules, and all other
21 applicable law."  Local Rule 183.  Failure to comply with applicable rules may be grounds for
22 dismissal or any other appropriate sanction.  Id.
23  The over thirty-five motions filed by plaintiff in the almost six month period
24 between February 10, 2011 and August 3, 2011, fail to comply with Local Rule 230.  Plaintiff's
25 excuses for failing to comply with the rules of this court are not credible.  Two judges were
26 randomly assigned to the case as soon as the case was given a case number, and their initials are

included in the case number. Within a week after the case was removed to this court, defendant properly noticed a motion to dismiss in accordance with Local Rule 230 and properly set the motion for hearing before the assigned magistrate judge, thereby providing a model that plaintiff could have followed in noticing his own motions. The court's docket, which plaintiff can view at no cost during the Clerk's business hours, shows the full names of the assigned judges near the top of the first page.

All of plaintiff's motions will be denied in part for failure to comply with Local Rule 230. In addition, the court notes that some of plaintiff's motions are premature, few are properly supported, and some are not grounded on any applicable rule or law.

Due to plaintiff's failure to exercise judgment in moving the court for orders and failure make a good faith effort to comply with applicable rules, defendant is relieved of the obligation to respond to any motion filed by plaintiff, absent a court order requiring a response. The courtroom deputy for the undersigned is instructed not to place any motion filed by plaintiff on the court's calendar until the motion has been reviewed by chambers staff for compliance with applicable rules. If necessary, restrictions may be placed on the number of motions that plaintiff may file.

DEFENDANT'S MOTION TO DISMISS

I. Standards Applicable to Defendant's Motion

Defendant's motion to dismiss has been brought pursuant to Federal Rule of Civil Procedure 12(b)(1). This rule allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

/////

9

In the present case, defendant's Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact as to all of plaintiff's claims. When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. Id. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of proving that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

II. The Parties' Arguments

Defendant seeks dismissal of this action for lack of subject matter jurisdiction on the grounds that plaintiff's claims are preempted by the Civil Service Reform Act (CSRA), 5 U.S.C. § 7101, et seq. and plaintiff did not pursue his remedies under that statute.

In response to defendant's motion, plaintiff has filed both a motion "to quash defendants' defective 'motion' to dismiss for lack of subject matter" (Doc. No. 21) and a memorandum in opposition to defendant's motion (Doc. No. 22). In the motion to quash, plaintiff cites numerous rules and asserts that defendant or defendant's counsel is in violation of them. Plaintiff's assertions do not establish a ground for "quashing" or denying defendant's motion. In the memorandum of points and authorities, plaintiff concedes that he did not file a grievance regarding his termination or file an appeal with the Merit System Protection Board. Nonetheless, plaintiff argues that this civil action is based on violations of law that occurred prior to his removal from federal service and plaintiff claims that many grievances were filed as to those violations. (Mem. (Doc. No. 22) at cmf pp. 19, 22, 25.)

III. Discussion

Congress enacted the CSRA in 1978 to create an integrated scheme of administrative and judicial review of personnel actions. Mangano v. United States, 529 F.3d

1243, 1245-46 (9th Cir. 2008) (citing United States v. Fausto, 484 U.S. 439, 444 (1988)).  If a supervisor's challenged conduct falls within the scope of the CSRA's "prohibited personnel practices," then the CSRA's administrative procedures are the employee's only remedy.  Id. at 1246 (citing Orsay v. U.S. Dep't of Justice, 289 F.3d 1125, 1128 (9th Cir. 2002)).  "In fact, a federal employee's personnel-related complaints are preempted 'even if no remedy [is] available . . . . under the CSRA."  Id. (quoting Collins v. Bender, 195 F.3d 1076, 1079 (9th Cir. 1999)).  See generally Bush v. Lucas, 462 U.S. 367, 385 (1983) ("Federal civil servants are now protected by an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures – administrative and judicial – by which improper action may be redressed.  They apply to a multitude of personnel decisions that are made daily by federal agencies.").

The CSRA preempts a federal employee's claims concerning any conduct that can be challenged as "prohibited personnel practices" within the meaning of the Act, which defines "prohibited personnel practices as any personnel action taken by someone in authority that violates one of twelve enumerated practices."  Mangano, 529 F.3d at 1247.  "Personnel action" is a term so broad that actions not encompassed by the term are "well outside anything that could reasonably be described as a 'personnel action,'" such as claims of rape, sexual assault, and brandishing a loaded weapon.  Id.  Any significant change in duties, responsibilities, or working conditions constitute personnel actions under the CSRA.  Id.  See Tocci v. Napolitano, ___ F. Supp. 2d ___, ___, No. CV-10-1324-HZ, 2011 WL 2385070, at *3 (D. Or June 14, 2011) (holding that the plaintiff's state law claim of intentional infliction of emotional distress was preempted by the CSRA).

Here, the court finds that plaintiff's claims against his direct supervisor and supervisors at the two levels above his direct supervisor are claims concerning personnel actions taken by persons in authority.  Although the actions are alleged by plaintiff as state law claims such as breach of contract and fraud, the actions as alleged constitute or arise from prohibited

personnel practices within the meaning of the CSRA.  None of the actions described by plaintiff in his first amended complaint are "well outside anything that could reasonably be described as a 'personnel action.'"  The court finds, therefore, that plaintiff's claims are preempted by the CSRA.

Defendant has established and plaintiff has admitted that he did not file a grievance or file an appeal to the Merit System Protection Board concerning his termination.  The court has considered plaintiff's argument that this civil action is based on alleged violations of law that occurred prior to his removal from federal service and that he filed many grievances as to those violations.  The argument is not persuasive, however, as it is evident from the allegations of plaintiff's amended complaint and from such causes of action as his claims for loss of employment opportunities and for intentional infliction of emotional distress that plaintiff's claims concern his removal from federal service and the personnel actions that led up to removal.  See Mangano, 529 F.3d at 1247; Tocci, 2011 WL 2385070, at *3.  Plaintiff's admitted failure to file a grievance or appeal to the Merit System Protection Board therefore renders his claims unexhausted.

Based on the findings of preemption and failure to exhaust remedies, the court finds that defendant's motion to dismiss should be granted.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for recusal (Doc. No. 23) is denied;

2. The following motions filed by plaintiff are denied:  motion to require production of records (Doc. No. 6), motion to quash participation of Department of Justice and U.S. Attorney's Office (Doc. No. 9), motion to quash substitution of United States as defendant (Doc. No. 11), ex parte motion for expedited Rule 4 order (Doc. No. 15), motion to quash U.S. Attorney documents (Doc. No. 16), motion for attorney information (Doc. No. 17), motion for Rule 78(b) non-oral hearings (Doc. No. 18), motion to quash defendant's motion to dismiss

1  (Doc. No. 21), second motion to require production of records (Doc. No. 33), request for judicial
2  notice and renewed motion to quash Department of Justice participation (Doc. No. 34), motion
3  for discovery (Doc. No. 36), renewed ex parte motion for Rule 4 order (Doc. No. 39), motion for
4  sanctions (Doc. No. 40), motion for sanctions (Doc. No. 41), request for clarification (Doc. No.
5  43), request for emergency action (Doc. No. 46), first, second, third, fourth and fifth requests for
6  status (Doc. No. 47), six request for status (Doc. No. 49), second motion for sanctions (Doc. No.
7  50), second motion for sanctions (Doc. No. 51), motion for transcript and for clarification (Doc.
8  No. 52), motion for service of documents and request for clarification (Doc. No. 53), motion for
9  discovery (Doc. No. 54), seventh request for status (Doc. No. 55), sixteenth request for status and
10 motion for judicial notice and sanctions (Doc. No. 56), request for emergency action (Doc. No.
11 58), motion for judicial notice (Doc. No. 59), motion for speedy trial and motion hearings (Doc.
12 No. 60), motion for sanctions (Doc. No. 61), motion for sanctions (Doc. No. 62), application for
13 clerk's entry of default and default judgment (Doc. No. 66), motion to compel entry of default
14 (Doc. No. 73), motion for Rule 16 consultation by mail and scheduling order (Doc. No. 74), and
15 motion regarding defendant's response to plaintiff's filings (Doc. No. 76);

16     3. Defendant's request to strike unnoticed motions (Doc. No. 42) is denied as
17 moot; and

18     IT IS RECOMMENDED that:
19     1. Plaintiff's motions to remand (Doc. Nos. 10 and 35) be denied;
20     2. Defendant's motion to dismiss (Doc. No. 14) be granted; and
21     3. This action be dismissed for lack of subject matter jurisdiction.

22     These findings and recommendations will be submitted to the United States
23 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
24 fourteen days after being served with these findings and recommendations, any party may serve
25 and file written objections with the court.  A document containing objections should be titled
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

shall be filed and served within seven days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 31, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\peck0151.oah.mtd.f&r