IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN PECK,

        Plaintiff,                      No. CIV S-11-0151 JAM DAD PS

    v.

UNITED STATES OF AMERICA,       <u>FINDINGS AND RECOMMENDATIONS</u>

        Defendant.

_____/

        Pending before the court are six motions filed by plaintiff in this action after entry of judgment.[1] This matter has previously been referred to the undersigned by the assigned District Judge pursuant to Local Rule 302(c)(21). (Doc. No. 104.)

        On September 1, 2011, findings and recommendations were issued recommending, in relevant part, that defendant's motion to dismiss be granted and that this action be dismissed for lack of subject matter jurisdiction. (Doc. No. 79.) On November 7, 2011, the assigned District Judge adopted those findings and recommendations in full. (Doc. No. 88.) On November 28, 2011, plaintiff filed the six motions now pending before the court.

/////

---

[1] Plaintiff's motions have not been noticed for hearing as is required by Local Rule 230.

1

1    Five of plaintiff's six motions have been brought pursuant to Rule 52(b) of the
2  Federal Rules of Civil Procedure and seek "amended or additional findings." (Doc. Nos. 90-94.)
3  "Federal Rule of Civil Procedure 52(b) permits a court to amend findings made after a bench
4  trial." Crane-McNab v. County of Merced, 773 F .Supp.2d 861, 873 (E.D. Cal. 2011). A bench
5  trial was not held in this matter and therefore plaintiff's motions are without merit and must be
6  denied. See Hamid v. Price Waterhouse, 51 F.3d 1411, 1415 (9th Cir. 1995) (because the action
7  was dismissed before trial, Rule 52(b) was inapplicable).

8    To the extent plaintiff's motions could be liberally construed as motions brought
9  pursuant to Rule 59(e) or Rule 60(b), those motions should still be denied. Reconsideration
10  under Rule 59(e) or Rule 60(b) is appropriate only if the district court is presented with newly
11  discovered evidence, an intervening change in controlling law, or the necessity to correct clear
12  error or prevent manifest injustice. Navajo Nation v. Confederated Tribes & Bands of the
13  Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); School Dist. No. 13, Multnomah
14  County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "Whether or not to grant
15  reconsideration is committed to the sound discretion of the court." Navajo Nation, 331 F.3d at
16  1046. See also Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth.
17  of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Rodriguez v. Bowen, 678 F. Supp. 1456,
18  1457 (E.D. Cal. 1988). Reconsideration is not a vehicle by which an unsuccessful party is
19  permitted to rehash arguments previously presented or to raise arguments or present evidence
20  that could have been raised previously. Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003);
21  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989); Gutierrez v. Givens, 989 F. Supp. 1033,
22  1047 (S.D. Cal. 1997); Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).

23    Here, plaintiff's motions do not offer substantially different evidence and do not
24  cite any new controlling legal authority. Rather, plaintiff's pending motions merely rehash
25  arguments previously presented by plaintiff. Morever, the court's order granting defendant's
26  motion to dismiss is not clearly erroneous because that order is supported by the record and the

2

law. Finally, plaintiff's motions fail to demonstrate that the court's ruling resulted in manifest injustice. Thus, plaintiff has not established a basis for an order altering or amending the judgment pursuant to Rule 59(e) or an order vacating the judgment under any provision of Rule 60(b).

Plaintiff's final motion now pending before the court seeks a "copy of docket entries." (Doc. No. 95.) In this regard, plaintiff complains that the findings and recommendations, and the order adopting those findings and recommendations, refer to "Doc. Nos." (Id.)[2] Plaintiff "seeks to know with certainty what documents are being discussed" and requests that the court "order the Clerk to provide Plaintiff with a certified copy" of the case docket. (Id.)

Plaintiff may obtain a copy of the docket in this case by contacting the Office of the Clerk and paying the applicable copy fee. The court will not order the Clerk to provide plaintiff with a certified copy.

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 28, 2011 motion for amended or additional findings (Doc. No. 90) be denied;

2. Plaintiff's November 28, 2011 motion for amended or additional findings (Doc. No. 91) be denied;

3. Plaintiff's November 28, 2011 motion for amended or additional findings (Doc. No. 92) be denied;

4. Plaintiff's November 28, 2011 motion for amended or additional findings (Doc. No. 93) be denied;

---

[2] Plaintiff is advised that "Doc. No." is an abbreviation of "Docket Number." Every document filed with the court is assigned a consecutive Docket Number by the Clerk of the Court. A review of the court's docket in this case will reveal that each filing herein is identified by Docket Number.

     5. Plaintiff's November 28, 2011 motion for amended or additional findings (Doc. No. 94) be denied; and

     6. Plaintiff's November 28, 2011 motion for copies (Doc. No. 95) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may serve and file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 12, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\peck0151.misc.mots.f&r

4